```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
ANTHONY G. BOYD,

                        Plaintiff,          MEMORANDUM & ORDER
                                            21-CV-5000 (KAM)(LB)
        v.

LAGUARDIA AIRPORT; GENERAL
MANAGER OPERATIONS,

                        Defendants.
----------------------------------------------------------------
ANTHONY G. BOYD,

                        Plaintiff,
                                            21-CV-5036 (KAM)(LB)
        v.

EAST ELMHURST HOSPITAL,

                        Defendant.
----------------------------------------------------------------
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff, currently detained in the Anna M. Kross Center on Rikers Island, brings these *pro se* actions under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] (21-cv-5000, ECF No. 2, Complaint ("Compl. 1"); 21-cv-5036, ECF No. 2, Complaint ("Compl. 2").) The complaints are consolidated solely for the purpose of this Memorandum and Order. Plaintiff's requests to proceed *in forma pauperis* are granted pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaints are dismissed without

---

[1] Both actions were transferred from the United States District Court for the Southern District of New York.

1

prejudice, and Plaintiff is granted thirty (30) days' leave from the date of this Memorandum and Order to file an amended complaint in each case.

## BACKGROUND

The complaints allege that in May 2021, Plaintiff was falsely arrested at LaGuardia Airport and admitted to the psychiatric ward at "East Elmhurst Hospital."[2] (Compl. 1 at 5; Compl. 2 at 4–5.) According to the complaints, Plaintiff was at LaGuardia Airport waiting for a friend when a plastic bag containing his belongings fell over a railing to the floor below. (Compl. 1 at 4; Compl. 2 at 4.) Upon arriving downstairs to retrieve the bag, Plaintiff, not seeing the bag, asked a "porter" who was cleaning the area whether he had seen the bag. (Compl. 1 at 4; Compl. 2 at 4–5.) Plaintiff alleges that though the porter denied seeing the bag, a woman informed Plaintiff that the porter had picked up the bag. (Compl. 1 at 4; Compl. 2 at 5.) The porter then returned the bag to Plaintiff, who asked to see the porter's supervisor to make a complaint. (Compl. 1 at 4–5; Compl. 2 at 5.) The complaint in 21-cv-5036 also alleges that Plaintiff "called a cop over" to report the porter for lying. (Compl. 2 at 5.) Plaintiff alleges that he was "then surrounded by cops, questioned, cuffed, and placed in a[n] ambulance that took him to East Elmhurst Hospital," where he spent "more than (2) weeks" in the "psychiatric ward." (Compl. 1 at 5; Compl. 2 at 5.)

The complaint in 21-cv-5036, against Elmhurst, also includes allegations against the psychologist who evaluated Plaintiff at the hospital. (Compl. 2 at 5.) Plaintiff alleges that the psychologist admitted him to the psychiatric ward, depriving him of his freedom, notwithstanding his explanation of what had happened at the airport, and without interviewing the police officers who had brought him to the hospital. (*Id.* at 4–5.) The complaints, together, name LaGuardia

---

[2] The correct name is NYC Health + Hospitals/Elmhurst (hereafter "Elmhurst").

Airport, "General Manager Operations," and Elmhurst as Defendants and seek a total of $3,000,000 in punitive damages. (Compl. 1 at 5; Compl. 2 at 5.)

## DISCUSSION

### I. Standard of Review

Title 28 U.S.C. § 1915A requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B).

The submissions of a *pro se* plaintiff are "held to less stringent standards" than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), "construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). Even so, to survive a motion to dismiss, a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Detailed factual allegations are not required, but a pleading that tenders "naked assertion[s] devoid of further factual enhancement" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks and citations omitted).

## II. Improper Defendants

Plaintiff brings these lawsuits pursuant to 42 U.S.C. § 1983. (Compl. 1 at 2; Compl. 2 at 2.) "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Plaintiff has alleged facts against two individuals, a porter at LaGuardia Airport, and a psychologist at Elmhurst, who are not named as defendants. Each named Defendant, on the other hand, is an improper party to this Section 1983 action and is dismissed for the reasons set forth below.

4

### A. Claims Against LaGuardia Airport and Elmhurst Dismissed

LaGuardia Airport is operated by the Port Authority[3] under a lease with the City of New York, *Paskar v. City of New York*, 3 F. Supp. 3d 129, 131 (S.D.N.Y. 2014), and therefore was improperly named as a party. Nor may Elmhurst be sued in its own name. Elmhurst is a facility owned and operated by the New York City Health & Hospitals Corporation a/k/a NYC Health + Hospitals (the "HHC") and is not a separate entity subject to suit. *Jackson v. Elmhurst Hosp. Ctr.*, No. 10-cv-5248(RRM), 2012 WL 868965, at *1 n.1 (E.D.N.Y. Mar. 14, 2012) ("Elmhurst is a facility owned and operated by HHC. While Elmhurst is not a suable entity, HHC is."). Because LaGuardia Airport and Elmhurst are not subject to suit, any claims asserted against them are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. Claims Against the Port Authority and the HHC Dismissed

In light of Plaintiff's *pro se* status, the Court liberally construes the complaints as alleging Section 1983 claims against the Port Authority and the HHC. The Port Authority and the HHC are both considered municipal entities and may only be held liable for deprivation of rights caused by the execution of an official policy or custom. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691–95 (1978) (Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

---

[3] "The Port Authority is an agency created by the State of New York and the State of New Jersey for the operation, administration and protection of Kennedy and LaGuardia Airports, bridges, roads, tunnels, and other terminal facilities in New York and New Jersey." *Waisome v. Port Authority of New York and New Jersey*, 999 F.2d 711, 713 (2d Cir. 1993).

The Port Authority has been consistently treated as a municipality for purposes of a Section 1983 claim. *See Mack v. Port Auth. of N.Y. & N.J.*, 225 F. Supp. 2d 376, 382 n.7 (S.D.N.Y. 2002) ("Although the Port Authority, a bi-state agency, is not technically a municipality, courts have treated it as such and have analyzed claims against it under the standards governing municipal liability under Section 1983.") (collecting cases). Likewise, the HHC, a public benefit corporation created pursuant to New York City Health and Hospitals Corporation Act, N.Y. Unconsol. Laws §§ 7382 *et seq.*, is a municipal corporation the liability of which under Section 1983 "is governed by principles set forth in *Monell*." *McTerrell v. N.Y.C. Health & Hosps. Corp.*, No. 19-cv-04469(PAE), 2019 WL 8989862, at *4 (S.D.N.Y. Nov, 26, 2019), *R. & R. adopted*, 2020 WL 1503194 (Mar. 30, 2020). *See also McGrath v. Nassau Health Care Corp.*, 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for § 1983's purposes.").

To hold the Port Authority and the HHC liable under Section 1983, Plaintiff "cannot sue for an injury inflicted solely by its employees or agents, but rather must identify a policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, pursuant to which [the employees] inflicted the alleged injury." *James v. N.Y.C. Health and Hosp.'s Corp.*, No. 12-cv-8762(KBF), 2014 WL 1485393, at *14 (S.D.N.Y. Apr. 15, 2014) (citing *Monell*, 436 U.S. at 694 and *Oklahoma v. Tuttle*, 471 U.S. 808, 830 n.5 (1985) (internal quotation marks omitted)); *see Brannon v. Delta Airlines, Inc.*, 434 F. Supp. 3d 124, 139 (S.D.N.Y. 2020) ("Thus, to recover against the Port Authority under Section 1983, [Plaintiff] must establish that the alleged deprivation of his rights was caused by the execution of an official policy or custom of the Port Authority.") (citation omitted). Accordingly, Plaintiff must

both "prove the existence of a municipal policy or custom" and "establish a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks omitted). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, the Plaintiff "presents no evidence of a custom or policy officially endorsed by the Port Authority [or the HHC], nor does he show that municipal officials—those imbued with decision-making authority—implemented policies or took actions designed to deprive [him] of his constitutional rights." *Marshall v. Port Auth. of N.Y. & N.J.*, No. 19-cv-2168(WHP), 2020 WL 5633155, at *10 (S.D.N.Y. Sept. 21, 2020) (citations omitted). Therefore, the Court finds that the complaints, even liberally construed, fail to state a claim against the Port Authority and the HHC. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. Claims against "General Manager Operations" Dismissed

Plaintiff also names the "General Manger Operations" of LaGuardia Airport as a Defendant. However, the complaint does not allege any personal involvement on the part of this individual. As noted above, "personal involvement of [a] defendant[ ] in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," *Farid*, 593 F.3d at 249, and "[a]n individual cannot be held liable for damages under Section 1983 'merely because [she] held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (citing *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996)). The Second Circuit has construed personal involvement "to mean direct participation, or failure to remedy the alleged

7

wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black*, 76 F.3d at 74. Here, there is no indication in the complaint that the "General Manager Operations" had any role in the conduct Plaintiff complains of, and, consequently, the Section 1983 claims asserted against the "General Manager Operations" are dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**III.    Leave to Amend**

To the extent that Plaintiff may seek to pursue Section 1983 claims against individual actors at the Port Authority or the HHC, he is granted leave to file an amended complaint in each case. The amended complaints must name the individual defendants who were personally involved in the denial of Plaintiff's constitutional rights and must state facts to support the allegation against the individual defendants. If Plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that them and designate them as Jane Doe or John Doe, providing any identifying information available to him. Essentially, Plaintiff's amended complaints must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

## **CONCLUSION**

Accordingly, the complaints, filed *in forma pauperis*, are dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is granted thirty (30) days to file an amended complaint in each case. Should Plaintiff decide file amended complaints, they must be submitted within thirty (30) days of this Memorandum and Order, and bear the caption, "Amended Complaint." Plaintiff is advised that the amended complaint will completely replace the original complaint in each case, so Plaintiff must include all allegations he wishes to pursue against proper defendants. If submitted, the amended complaints will be reviewed for compliance with this Memorandum and Order and for sufficiency under Federal Rule of Civil Procedure 8 and 28 U.S.C. §§ 1915A & 1915(e)(2)(B). Furthermore, if Plaintiff fails to comply with this Memorandum and Order within the time allowed or show good cause why he cannot comply, the actions shall be dismissed, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order and the "Complaint for Violation of Civil Rights (Prisoner)" form to Plaintiff and note the mailing on the docket.

SO ORDERED.

                                                         /s/
                                        KIYO A. MATSUMOTO
                                        United States District Judge

Dated: Brooklyn, New York
         September 20, 2022